**Dated: May 31, 2011**

**The following is ORDERED:**

*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

**NITA SUE HAMBRICK**  Case No. 09-81378-TRC
                       Chapter 13
406 Ball Street
Marietta, OK 73448
        Debtor.

### ORDER GRANTING MOTION TO REOPEN

      There came on for hearing before the Court on May 25, 2011, Debtor's Motion to Reopen Case (Docket Entry 141) and Objection filed by Perceptual Development Corporation, Helen Irlen, Robert Irlen and Bonnie Fine (Docket Entry 146). Appearances were entered by Darryl Roberts for Debtor, Jerome Sepkowitz for Perceptual Development Corporation, Helen Irlen, Robert Irlen and Bonnie Fine ("PDC"), and Richard Walden for Mark Bonney, Standing Chapter 13 Trustee. The Court heard the arguments of counsel and recommendation of the Trustee, and took the matter under advisement.

      After review of the Motion and Objection, and being well-versed in the history of this case

and relationship of these parties, the Court finds that Debtor's Motion to Reopen should be granted.

I.     Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding as contemplated by 28 U.S.C. § 157 (b)(1).

II.    Background

Debtor was granted a discharge on September 10, 2010. Her case was closed on December 27, 2010. On January 11, 2011, Debtor filed an adversary proceeding in this Court, Case No. 11-8001, alleging violation of the automatic stay and discharge injunction by PDC. The PDC defendants filed a Motion to Strike the adversary proceeding and a Motion for Sanctions for bringing the adversary proceeding (the "Adversary Motions"). This Court held a hearing on the Adversary Motions, and determined that Debtor should first seek to reopen her bankruptcy case before proceeding with the adversary case. The Court took the Adversary Motions under advisement until a motion to reopen could be filed and ruled upon.

III.   Analysis

Section 350(b) of Title 11 provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The language of this statute is very broad, thus allowing a court to exercise its discretion to reopen a case whenever it finds cause. *See In re Alpex Computer Corp.,* 71 F.3d 353, 356 (10th Cir. 1995) (citation omitted). Here, Debtor alleges a violation of the discharge injunction. She is asking this Court to accord relief to her in the form of a contempt citation and injunctive relief against PDC, as well as actual and punitive damages, attorney fees and costs. Should she prevail, there may be an award to be administered.

PDC argues that Debtor has not filed her Motion to Reopen in a timely manner. Although her Motion was filed several months after her case was closed and the alleged violation of the discharge injunction occurred, she originally filed an adversary proceeding without first seeking to reopen her main bankruptcy case. The adversary was filed within six (6) days of the alleged violation of the discharge injunction. The Court does not view this as "a lack of diligence" as claimed by PDC. To the contrary, Debtor acted swiftly to put PDC on notice of her allegations and requested relief from this Court. The Court sees no lack of diligence by Debtor in pursuing her action against PDC, nor any prejudice to PDC.

PDC also argues that this case should not be reopened because to do so would facilitate Debtor's collateral attack on this Court's order of abstention. However, this argument seems more appropriately addressed on the merits in the adversary proceeding.

The Court's concern in requesting that Debtor file her Motion to Reopen before proceeding further in the adversary case is to ensure that proper procedure is followed and that it has jurisdiction to preside over the adversary proceeding. Therefore, the Court believes that reopening the main case is the prudent course of action and is appropriate in this case. Motions pending in the adversary proceeding shall continue under advisement until further order of this Court.

IT IS THEREFORE ORDERED that Debtor's Motion to Reopen Case (Docket Entry 141) is **granted** and the case is hereby reopened. The Standing Chapter 13 Trustee shall remain the same.

###